UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ERIK H. GORDON, RYAN GIUNTA :
and M101 GROUP LLC, :
: 15 Civ. 9935 (NRB) (NS)
Plaintiffs, :
:
– against – :
:
JAMES T. DINGMAN, OUT WEST :
HOSPITALITY LTD. and THE TRAVELLER'S :
BEACH RESTAURANT LTD., :
:
Defendants. :
:
------------------------------------x

## DECLARATION OF CLARK A. FREEMAN IN SUPPORT OF REQUEST FOR CERTIFICATE OF DEFAULT AGAINST DEFENDANTS

CLARK A. FREEMAN, pursuant to 28 U.S.C. §1746, declares:

1. I am a member of the New York State Bar, admitted to practice to this Court, and an attorney at Sullivan & Worcester LLP, counsel for plaintiffs Erik H. Gordon, Ryan Giunta and M101 Group LLC ("Plaintiffs") in this action. I make this declaration based on my personal knowledge and a review of the case file.

2. I submit this declaration pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Rule 55.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York in support of Plaintiffs' request for a Certificate of Default certifying that defendants James T. Dingman, Out West Hospitality Ltd. and The Traveller's Beach Restaurant Ltd. (collectively, the "Defaulting Defendants") have defaulted in this action.

3. Defendant James T. Dingman ("Dingman") is an individual who, on information and belief, is not an infant, in the military, or an incompetent person.

4. Defendants Out West Hospitality Ltd. and The Traveller's Beach Restaurant Ltd. (the "Defaulting Corporate Defendants") are corporations, neither of which is an infant, in the military, or an incompetent person.

5. This case arises out of Dingman's scheme to defraud investors -- including plaintiff Gordon -- and steal money and services -- including from plaintiffs Giunta and M101 Group -- in connection with the development of a hospitality conglomerate. ECF 64-2 (Second Amended Complaint) at ¶ 2. The Defaulting Corporate Defendants are two entities through which Dingman perpetrated his scheme. ECF 64-2 at ¶ 2.

6. The Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331, as the First Claim arises under the Securities Exchange Act of 1934, 15 U.S.C. § 75j(b). Subject matter jurisdiction over the Second through Fifth Claims exists pursuant to 28 U.S.C. § 1367 because those claims for relief are so related to the First Claim as to form part of the same case or controversy.

7. The Court has personal jurisdiction over Dingman and the Defaulting Corporate Defendants pursuant to C.P.L.R. § 302 and Rule 4 of the Federal Rules of Civil Procedure.

8. This action was commenced on December 21, 2015 with the filing of a Complaint. An Amended Complaint was filed on January 14, 2016 (ECF 12), and Amended Summonses were issued as to the Defaulting Defendants on or about January 15, 2016 (ECF 17).

9. On January 26, 2016, the Defaulting Defendants were each served with, *inter alia*, the Amended Summons and Amended Complaint, c/o of Vicki Inskeep Brown. (ECF 18). Proof of service was filed in this Court on February 3, 2016. (ECF 18).

10. On April 14, 2016, the Defaulting Defendants appeared in this action by counsel through the firm of Browne George Ross LLP. (ECF 22).

11. From in or about April 2016 through in or about June 2018, the parties engaged on extensive motion practice before this Court and an appeal to the Second Circuit.

12. On July 16, 2018, the Court granted Browne George Ross LLP's motion to withdraw as counsel for the Defaulting Defendants, ordered the Defaulting Corporate Defendants to retain new counsel within thirty days of the order and stated that failure to do so "will result in entry of a default Judgment against them." (ECF 94). The Court further directed withdrawing counsel to provide defendants with a copy of the order. (ECF 94).

13. On July 16, 2018, the Court also issued an order deeming the Second Amended Complaint (ECF 64-2) proposed by plaintiffs Ryan Giunta and Erik H. Gordon to be the operative complaint in this matter. (ECF 95). Defendant James T. Dingman was served with the Second Amended Complaint on July 18, 2018 by sending it to the same email address used by his former counsel, the firm Brown George Ross LLP, to give Dingman notice of its motion to withdraw as attorney of record (which motion the Court granted). (ECF 96). Proof of service was filed in this Court on September 14, 2018. (ECF 96). This email address is the only contact information for Dingman that Plaintiffs have.

14. As of this date of this filing, the Defaulting Corporate Defendants -- Out West Hospitality Ltd. and The Traveller's Restaurant Ltd. -- have failed to appear by counsel, and their deadline to do so -- August 15, 2018 -- has passed.

15. As of the date of this filing, Dingman has failed to answer, move or otherwise respond to the Second Amended Complaint, and his deadline to do so under Rule 15 of the Federal Rules of Civil Procedure -- August 1, 2018 -- has passed.

16. On July 19, 2018, my office served document requests on Dingman by sending them to the same email address used by his former counsel to give Dingman notice of their

motion to withdraw as counsel of record. As of the date of this filing, Dingman has failed to respond to those document requests.

17. By Order dated September 17, 2018 (ECF 98), the Court granted Plaintiffs leave to move for a default judgment against Dingman.

18. Plaintiffs will be filing a Motion for Default Judgment against the Defaulting Defendants immediately after they receive a Certificate of Entry of Default from the Clerk of Court.

19. Plaintiffs respectfully request a Certificate of Default certifying the that defendants James T. Dingman, Out West Hospitality Ltd. and The Traveller's Beach Restaurant Ltd. have defaulted in this action.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on October 11, 2018.

*/s/ Clark A. Freeman*
Clark A. Freeman