

Sullivan & Worcester LLP  
1633 Broadway  
New York, NY 10019

T 212 660 3000  
F 212 660 3001  
www.sandw.com

October 15, 2018

**VIA ECF**

Honorable Naomi Reice Buchwald  
United States District Judge  
United States Courthouse  
500 Pearl Street  
New York, New York 10007

      Re: *Gordon v. Dingman*, 15 Civ. 9935 (NRB) (NS)

Dear Judge Buchwald:

      We are plaintiffs' counsel in the above-referenced case. In an oversight, we did not submit a letter pursuant to Rule 2(E)(1) of the Court's Individual Practices on Friday, October 12, 2018, when we filed Plaintiffs' Motion for Entry of Default Judgment Against all Defendants. We therefore write now to summarize the arguments that plaintiffs have made in their motion (ECF No. 106) for entry of a default judgment against each of the defendants: James T. Dingman ("Dingman") and his companies, Out West Hospitality Ltd. ("OWH") and The Traveller's Beach Restaurant Ltd. ("Traveller's").

      By order dated July 16, 2018, the Court relieved counsel for all defendants and ordered that "any corporate entities named as defendants in the complaint shall retain new counsel within 30 days of this order and that failure to do so will result in the entry of a default judgment against them." (ECF No. 94.) That same day, the Court issued a separate order declaring that the proposed Second Amended Complaint (the "SAC") (ECF No. 64-2) "is deemed the operative complaint in this matter." (ECF No. 95.)

      Neither OWH nor Traveller's retained new counsel within thirty days of the Court's July 16 order. Meanwhile, Dingman has not retained counsel, has failed to litigate the case *pro se*, has failed to answer the SAC (served on July 18, 2018) and has failed to respond to document requests served on July 19, 2018. Indeed, he has failed even to communicate with his counsel or participate in this case in any way since August 2017, over one year ago, something that came to light in counsel's motion to withdraw. (*See* ECF 88).

Honorable Naomi Reice Buchwald
October 15, 2018
Page 2

Defendants' actions warrant entry of a default judgment, and the Court may exercise its discretion to do so. Entry of default is a "useful remedy when a litigant is confronted by an obstructionist adversary" and can "play a constructive role in maintaining the orderly and efficient administration of justice." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

In this case, plaintiffs are entitled to judgment in their favor and appropriate damages. In defaulting, defendants have admitted all "'well-pleaded' factual allegations contained in the complaint." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). So long as the Court is satisfied that the SAC states a claim for relief, the Court may enter judgment against the defendants. *See id.* at 137 (explaining that on a motion for entry of a default, a court should determine whether plaintiff's allegations and submissions establish liability). And plaintiffs have put before the Court sufficient evidence to provide the basis for an award of damages. *See SEC v. Anticevic,* No. 05 Civ. 6991 (KMW), 2010 U.S. Dist. LEXIS 50207, at *17-18 (S.D.N.Y. May 14, 2010) ("A court can make a determination regarding an injunction, damages, and penalties on the basis of the evidence before it, including the complaints and affidavits submitted by plaintiff, as long as the court is ensured that the evidence provides a basis for the requested relief.").

Plaintiff Erik Gordon has asserted four claims against defendants: violations of section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, breach of contract, fraudulent inducement and fraud. Each claim is based on uncontroverted allegations and evidence and is adequately pled. Moreover, Gordon's damages are proven on the current record. For their part, plaintiffs Ryan Giunta and M101 Group LLC have asserted a single breach of contract claim against Dingman, which claim also is based on uncontroverted allegations and evidence and is adequately pled. These two plaintiffs also have proved their damages on the current record.

For the foregoing reasons, and as more fully explained in their motion, plaintiffs Erik Gordon, M101 Group and Ryan Giunta respectfully request that the Court enter a default judgment against each of the defendants and impose damages as set forth in the accompanying Memorandum of Law and proposed Order. Plaintiffs further request that that the Court consider using its inherent authority to impose an award of attorney's fees in light of defendants' intentionally withdrawing their involvement in the case for over a year and intentionally abandoning a defense after their counsel withdrew.

Respectfully yours,

Clark A. Freeman

cc:   All Defendants (Via Email)