UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ERIK H. GORDON, RYAN GIUNTA, and
M101 GROUP LLC,

              Plaintiffs,          **MEMORANDUM AND ORDER**

        - against -               15 Civ. 9935 (NRB)

JAMES T. DINGMAN, OUT WEST
HOSPITALITY LTD., and THE TRAVELLER'S
BEACH RESTAURANT LTD.,

              Defendants.
----------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

      This action, originally brought by 14 plaintiffs against defendant James Dingman and numerous companies allegedly affiliated with him, has been winnowed down to a dispute between only the parties captioned above. The remaining plaintiffs have plausibly alleged that Dingman, acting both on his own behalf and on behalf of the remaining corporate defendants, has defrauded them and breached certain agreements with them. The defendants--through Dingman--have evidently elected to stop defending the case. Accordingly, default was entered against them by the Clerk of Court on October 12, 2018. See ECF No. 102.

      Before the Court is the plaintiffs' motion for default judgment. See ECF NO. 106. For substantially the reasons

stated in the plaintiffs' Memorandum of Law, see ECF No. 107, that motion is granted. However, for the reasons that follow, the plaintiffs are entitled to less than all of the relief sought in their papers. We address in turn the relief requested but not granted.

First, plaintiff Erik Gordon seeks to recover for the same alleged economic loss under each of four distinct legal theories. "Where a plaintiff seeks recovery for the same damages under different legal theories, only a single recovery is allowed." Conway v. Icahn & Co., 16 F.3d 504, 511 (2d Cir. 1994). Accordingly, Gordon is entitled to a *single* award of damages in the principal amount of $343,000, plus prejudgment interest at the highest rate to which the Court finds him entitled under any of his four claims: the 9% per annum rate set forth in New York C.P.L.R. § 5004.[1]

Second, plaintiffs Ryan Giunta and M101 GROUP LLC ("M101") failed in any iteration of their complaint to put the defendants on notice of the $2,499.27 amount now sought for allegedly unreimbursed expenses. Rule 54(c) of the

---

[1] As Gordon has requested, the prejudgment interest accrued on this award will be calculated separately for each of the four constituent losses that together total the $343,000 figure. The Court will rely for these calculations on the dates supported by the plaintiffs' pleadings and not necessarily on those included in the plaintiffs' Proposed Default Judgment, which appears to contain at least one typographical error (repeated four times) as to a key date. Compare ECF No. 106, Ex. 1 at 3, 4, 6, 7, with ECF No. 12 at 20, 38, and ECF No. 104 at 8.

Federal Rules of Civil Procedure provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the [complaint]." Fed. R. Civ. P. 54(c). Even assuming that the plaintiffs could have satisfied Rule 54(c) by later sending documents containing the $2,499.27 figure to Dingman's personal email address, no such email was sent "until after the entry of default." Silge v. Merz, 510 F.3d 157, 161 & n.5 (2d Cir. 2007). Accordingly, Giunta and M101 cannot recover this amount.[2]

Third, the plaintiffs collectively appear to request that any default judgment include an award of costs from their previous successful appeal in this matter. However, those costs were already taxed in this Court pursuant to a judgment, see ECF. No. 103, and they cannot be awarded again.

Finally, the plaintiffs request an award of attorney's fees pursuant to this Court's inherent authority to sanction bad-faith conduct. See Chambers v. NASCO, Inc., 501 U.S. 32, 54-58 (1991). The bad-faith conduct purportedly exhibited here was the defendants' purposeful default. However, the

---

[2] In contrast, the defendants were given notice of all other damages amounts now sought by the plaintiffs as early as January 14, 2016, when the First Amended Complaint was filed. See ECF No. 12. Thus, when the defendants decided not to "expend the time, effort, and money necessary to defend the action," they did so with full knowledge of "the scope and size of the potential judgment" against them. See Silge, 510 F.3d at 159 (quoting 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 2663 (1998)). Rule 54(c) requires no more.

defendants were entitled to default. See Silge, 510 F.3d at 159-60. And the proper remedy for a default is an award of the relief sought by the plaintiff in the complaint, not a punitive fee award. The requested exercise of discretion is therefore denied.

Subject to the foregoing qualifications, the plaintiffs' motion for default judgment is hereby granted. The Clerk of Court is directed to enter final judgment in favor of the plaintiffs in accordance with the terms of this Memorandum and Order and to terminate the motion pending at docket entry 106.

**SO ORDERED.**

Dated:   New York, New York
         October 30, 2018

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE